# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**RICHARD LEE SCHMIDT**                                                    **PLAINTIFF**

**VERSUS**                        **CIVIL ACTION NO. 1:08-cv-412-HSO-JMR**

**DAVID ALLISON**                                                     **DEFENDANT**

## ORDER AND REASONS

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 on August 20, 2008. On September 22, 2008, an Order [6] was entered in this action directing Plaintiff to file a written response to provide specific information to the Court. The Order directed Plaintiff to file his response within 20 days. Plaintiff failed to comply.

On November 4, 2008, an Order [7] was entered directing Plaintiff to show cause, on or before November 19, 2008, why this case should not be dismissed for his failure to timely comply with the Court's Order [6] of September 22, 2008. The Show Cause Order [7] warned Plaintiff that failure to timely comply with the requirements of the Order may lead to the dismissal of his Complaint, without further notice. Plaintiff has not complied with the Show Cause Order.

Out of an abundance of caution, on December 12, 2008, an additional Order [8] was entered directing Plaintiff to show cause, on or before December 22, 2008, why this case should not be dismissed for his failure to timely comply with the Court's Orders [6,7] of September 22, 2008, and November 4, 2008. This second Show Cause Order [8] warned Plaintiff that failure to timely comply with the requirements of that Order may lead to the dismissal of his Complaint, without

further notice.

Plaintiff failed to comply with three Court Orders and he has not contacted this Court since September 4, 2008. This Court has the authority to dismiss an action for a Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *See Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since Defendant has never been called upon to respond to Plaintiff's pleading, and has never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's Order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith,* No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Order will be entered.

**SO ORDERED AND ADJUDGED**, this the 7th day of January, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE